# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRET W. OGILVIE,

    Plaintiff,

v.

JUDGE LINDA GARDNER, et al.,

    Defendants.

3:09-CV-270 JCM (VPC)

## ORDER

Presently before the court is defendant Linda Gardner's motion to dismiss (doc. #6). Plaintiff Brett Ogilvie filed an opposition (doc. # 18) and defendant Gardner filed a reply. (Doc. #28). Also before the court is defendants Merry Ogilvie's and Barbara Gruenewald's motion to dismiss (doc. #8). Plaintiff Brett Ogilvie filed an opposition (doc. # 12) and defendants Ogilvie and Gruenewald filed a reply. (Doc. #16).

The underlying dispute in this case arises from a divorce action initiated by defendant Merry Ogilvie (hereinafter "Merry") against her then husband plaintiff Brett Ogilvie (hereinafter "Brett") on September 4, 2008. Defendant Linda Gardner (hereinafter "Judge Gardner") is the presiding judge in the divorce action and defendant Barbara Gruenewald is Merry's counsel. In January 2009, the state court entered an order requiring Brett to pay temporary alimony and temporary child support. Plaintiff filed the present action, *pro se*, on May 26, 2009, alleging Constitutional violations during the divorce proceedings and other state law claims.

Defendants now seek to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint that lacks a cognizable legal theory

**James C. Mahan**
**U.S. District Judge**

1  or states insufficient facts under a cognizable legal theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, sweeping conclusory allegations will not suffice. *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988).

**I.     Judge Gardner's Motion to Dismiss**

According to the Supreme Court, a state judge is immune from a suit for damages for his or her judicial acts performed in a judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991), Salman v. Rose, 104 F. Supp. 2d 1255 (D. Nev. 2000). The only two exceptions to this rule are: for a judge's nonjudicial actions; and for actions taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Specifically, this immunity may be overcome only by allegations that the court took nonjudicial actions, or that judicial actions taken were "in the complete absence of all jurisdiction." *Id.*; *see also* Butler v. Elle, 281 F.3d 1014, 1021 (9th Cir. 2002).

Furthermore, the Ninth Circuit Court of Appeals held that the primary policy of extending immunity to judges is to ensure independent and disinterested judicial decisionmaking. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A judge is immune from liability as long as his "ultimate acts" were "judicial actions taken within the court's subject matter jurisdiction." *Id*.

Here, plaintiff's allegations against Judge Gardner arise out of the judicial actions taken in the underlying divorce proceedings. This court finds that Judge Gardner is entitled to absolute immunity because her acts were judicial in nature and within the state court's subject matter jurisdiction. Accordingly, Judge Gardner's motion to dismiss is GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  **II.     Defendants Merry Ogilvie's and Barbara Gruenewald's Motion to Dismiss**

2        Plaintiff's claims against defendants Merry and Gruenewald are related to alleged conduct
3  arising out of the underlying divorce action and in violation of 42 U.S.C. §1983. Specifically,
4  plaintiff also claims defendants subjected him to involuntary servitude, in violation of the Thirteenth
5  Amendment. He also claims defendant Gruenewald committed perjury and violated his First
6  Amendment right to exercise his religion. Furthermore, plaintiff alleges defendant Merry stole and
7  signed a check; filed a false claim in a temporary protective order; took their son against plaintiff's
8  will; stole household funds and committed perjury in the state proceedings.

9        Here, plaintiff's claims for violations of his Constitutional rights must be dismissed for
10  failure to state a claim upon which relief can be granted. Under 42 U.S.C. §1983, the conduct
11  violating the plaintiff's constitutional rights must be taken by a person acting under color of law.
12  *Crotez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).

13        Plaintiff's claims as to defendants Merry and Gruenewald fail to state any facts alleging that
14  their actions were taken under color of law. Therefore, this court must dismiss plaintiff's
15  Constitutional claims against defendants Merry and Gruenewald.

16        Finally, due to the dismissal of plaintiff's constitutional claims and the pending divorce
17  action in state court, this court declines to exercise supplemental jurisdiction over plaintiff's
18  remaining state law claims.

19        Accordingly,

20        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Gardner's
21  motion to dismiss (doc. # 6), be and the same hereby is, GRANTED.

22        IT IS FURTHER ORDERED that defendants Merry and Gruenewald's motion to dismiss
23  (doc. # 8), be and the same hereby is, GRANTED.

24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   IT IS FURTHER ORDERED that plaintiff's petition for writ of prohibition (doc. # 13),
2 motion to dismiss for lack of subject jurisdiction (doc. # 14), motion for write of prohibition for stay
3 (doc. # 19), motion for default judgment (doc. # 21), motion for default judgment (doc. # 32), motion
4 for default judgment (doc. # 34), and defendants' motion to strike (doc. #31) are DENIED as moot.
5   DATED March 23, 2010.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -